## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:23CR94** |
| vs. | |
| | **FINDINGS AND RECOMMENDATION** |
| BENJAMIN FULLER, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss Indictment. (Filing No. 18.) A hearing was held on August 29, 2023. (Filing No. 33.) A transcript of the proceedings was filed on September 12, 2023. (Filing No. 40.) Thus, the matter is now ripe for disposition.

For the reasons explained below, the undersigned will recommend that the motion be denied.

### FACTS

On April 24, 2017, a Criminal Complaint was filed in this Court, Case No. 8:17CR144, alleging Defendant committed domestic assault. (Ex. 101; Case No. 8:17CR144, Filing 1.) Defendant was indicted on May 17, 2017, and charged with domestic abuse by a habitual offender in violation of 18 U.S.C. § 117. (Case No. 8:17CR144, Filing 16.) Defendant pled guilty to the charge on September 22, 2017. (Case No. 8:17CR144, Filing 34.) On December 15, 2017, Defendant was sentenced to prison for 21 months, with a supervised release term of three years. (Ex. 102; Case No. 8:17CR144, Filing 45.)

Defendant was released from prison on November 16, 2018, and began his period of supervised release. (Case No. 8:17CR144, Filing 48.) On June 10, 2019, a Petition for Warrant or Summons for Offender Under Supervision was filed by U.S. Probation and Pretrial Services, asserting that Defendant was in violation of his conditions of release. (Ex. 103; Case No. 8:17CR144, Filing 52.) The Petition alleged Defendant was found in possession of marijuana, drug paraphernalia, and a dangerous weapon. (Ex. 103; Case No. 8:17CR144, Filing 52.) Following a final dispositional hearing on December 2, 2020, Defendant's term of supervised release was revoked. (Ex. 104; Case No. 8:17CR144, Filings 95, 96.) Defendant was sentenced to eight months in prison with supervised release to follow for a term of 24 months. (Ex. 104; Case No. 8:17CR144, Filings 95, 96.)

Defendant was released from prison based on his revocation sentence and his period of supervised release commenced on March 24, 2021. (Case No. 8:17CR144, Filing 97.) On April 14, 2021, Defendant admitted to his probation officer that he had interacted with his ex-girlfriend and had used methamphetamine. (Case No. 8:17CR144, Filing 97.) Defendant was told that continued noncompliance could result in a petition to revoke his term of supervised release. (Case No. 8:17CR144, Filing 97.)

On October 27, 2021, a Petition for Warrant or Summons for Offender Under Supervision was filed by U.S. Probation and Pretrial Services. (Ex. 105; Case No. 8:17CR144, Filing 98.) The Petition alleged that on October 22, 2021, Defendant contributed to the delinquency of a minor by providing her marijuana, and that he possessed a pipe packed with a green leafy substance and an object identified as a marijuana grinder that contained a white powdery substance that field tested positive for methamphetamine. (Ex. 105; Case No. 8:17CR144, Filing 98.) The Petition stated that Defendant's identification was also found in a bag which contained a substance that field tested positive for methamphetamine, and that Defendant admitted to smoking marijuana. (Ex. 105; Case No. 8:17CR144, Filing 98.) The Petition alleged that Defendant was arrested for Contributing to the Delinquency of a Minor, Possession of a Controlled Substance (marijuana and methamphetamine), Possession of Drug Paraphernalia, DUI, Refusal to Submit to Testing, Careless Driving, and Driving Without a License. (Ex. 105; Case No. 8:17CR144, Filing 98.) The Petition further alleged that Defendant admitted to his probation officer on April 14, 2021 that he

2

used methamphetamine.  (Ex. 105; Case No. 8:17CR144, Filing 98.)  A warrant was issued for Defendant's arrest.  (Case No. 8:17CR144, Filing 99.)

On February 3, 2022, Defendant appeared for his initial appearance on his supervised release violation.  Defendant waived his preliminary hearing, and the undersigned scheduled a dispositional hearing for Defendant's supervised release violation for March 16, 2022, before Chief Judge Rossiter.  (Case No. 8:17CR144, Filing 104.) Upon oral motion by Defendant, the dispositional hearing was rescheduled for May 11, 2022.  (Case No. 8:17CR144, Filing 107.) Defendant was released from custody to participate in treatment at NOVA Treatment Community in Omaha, Nebraska on March 8, 2022. (Ex. 106; Case No. 8:17CR144, Filing 111.) Chief Judge Rossiter continued the dispositional hearing to August 17, 2022.  (Case No. 8:17CR144, Filing 112.)

An Amended Petition for Warrant or Summons for Offender Under Supervision was filed on July 18, 2022 to add a new allegation.  (Ex. 107; Case No. 8:17CR144, Filing 113.)  The new allegation provided Defendant had been terminated from the NOVA residential treatment program due to his behavior.  (Ex. 107; Case No. 8:17CR144, Filing 113.)  An arrest warrant was issued, and Defendant was arrested on July 19, 2022.   (Case No. 8:17CR144, Filings 114, 117.) On July 20, 2022, Defendant appeared for an initial appearance on the Amended Petition. (Case No. 8:17CR144, Filing 118.)  Defendant's attorney asked the Court to release Defendant based on a release plan that he argued for and was approved by his probation officer.  The government did not oppose Defendant's release on these conditions.  The undersigned released Defendant from custody on July 21, 2022 under the current terms and conditions of his supervision and additionally ordered that he be directly transported to the ARCH halfway house.  (Case No. 8:17CR144, Filing 119.)  Defendant's final dispositional hearing before Chief Judge Rossiter was set for August 17, 2022.  (Case No. 8:17CR144, Filing 119.)  On the Court's own accord, the dispositional hearing on the supervised release violation was continued several time with the Court last continuing it on its own accord to March 8, 2023.  (Case No. 8:17CR144, Filings. 121, 122, 123, 124.)

On February 24, 2023, Defendant's counsel indicated to the Court's courtroom deputy that Defendant wanted a 30 to 60 day continuance of the dispositional hearing.  (Ex. 108.) The government communicated to the courtroom deputy via email that it opposed Defendant's request for a continuance because Defendant had given drugs to his teenage girlfriend in October 2021.

(Ex. 108.) Defendant filed a motion to continue the dispositional hearing on February 24, 2023, and the hearing was moved to April 12, 2023. (Ex. 109; Case No. 8:17CR144, Filings 125, 126.) The hearing was later rescheduled for April 10, 2023. (Case No. 8:17CR144, Filing 128.)

The final dispositional hearing for the supervised release violation in Case No. 8:17CR144 was held on April 10, 2023. (Ex. 109; Case No. 8:17CR144, Filings 129, 130.) Allegations 1, 3, and 4 of the Amended Petition were dismissed upon the government's oral motion. (Ex. 110; Case No. 8:17CR144, Filing 129.) At the hearing, Defendant admitted to allegation 2 of the Amended Petition—possession of marijuana and methamphetamine on October 22, 2021. (Ex. 110; Case No. 8:17CR144, Filing 132.) The government recommended that Defendant be returned to prison for the violation. (Ex. 110; Case No. 8:17CR144, Filing 132.) At the conclusion of the hearing, Chief Judge Rossiter revoked Defendant's term of supervised release, and sentenced Defendant to time served, as requested by Defendant. (Exs. 110, 111; Case No. 8:17CR144, Filings 129, 130.) Chief Judge Rossiter did not impose a term of supervised release. (Exs. 110, 111; Case No. 8:17CR144, Filings 129, 130.) Defendant was notified of his right to appeal and released. (Ex. 110; Case No. 8:17CR144, Filing 129.)

On April 19, 2023, Defendant was indicted in this case for distribution of methamphetamine to a minor in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 21 U.S.C. § 859(a). (Ex. 114; Filing No. 1.) The Indictment in this case alleges Defendant knowingly and intentionally distributed methamphetamine from October 18, 2021 through October 22, 2021 to a person under 21 years of age. (Ex. 114; Filing No. 1.)

## DISCUSSION

Defendant argues the Indictment should be dismissed for vindictive prosecution. Defendant contends the charges in this case are the product of the government's (and prosecutor's) dissatisfaction with Chief Judge Rossiter's time-served sentence for Defendant's supervised release violation in Case No. 8:17CR144. The undersigned finds Defendant's argument unpersuasive.

Prosecutors have broad discretion to enforce criminal laws. *United States v. Armstrong*, 517 U.S. 456, 456 (1996). A presumption of regularity supports prosecutorial decisions and, "in the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly

discharged their official duties." *Id.* at 464 (quotation omitted). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Id.* (quotation omitted).

"Vindictive prosecution occurs when a prosecutor seeks to punish a defendant solely for exercising a valid legal right." *United States v. Williams*, 793 F.3d 957, 963 (8th Cir. 2015) (citing *United States v. Leathers,* 354 F.3d 955, 961 (8th Cir. 2004)). "A prosecution designed solely to punish a defendant for exercising a valid legal right violates due process." *Leathers*, 354 F.3d at 961. "It is the defendant's burden to show that the prosecution was brought in order to punish the defendant for the exercise of a legal right." *Id.* Given the broad discretion given to prosecutors in performing their duties, the defendant's burden to show vindictive prosecution is a heavy one. *Williams*, 793 F.3d at 963.

To prove prosecutorial vindictiveness, a defendant must present "objective evidence of the prosecutor's vindictive or improper motive in increasing the number or severity of charges." *United States v. Chappell,* 779 F.3d 872, 879 (8th Cir. 2015) (internal quotation omitted). "Absent such evidence, a defendant may, in rare instances, rely upon a presumption of vindictiveness, if he provides sufficient evidence to show a reasonable likelihood of vindictiveness exists." *Id.* (quotations omitted). In determining whether the presumption of vindictiveness should apply, a court examines "the prosecutor's actions in the context of the entire proceedings." *Id.* at 880 (quotation omitted).

Here, Defendant has not presented any objective or actual evidence that he was indicted in this case to punish him for exercising his legal rights at the supervised release violation proceedings held in Case No. 8:17CR144. The record of the dispositional hearing does not reveal any behavior that would suggest a vindictive motive on the part of the prosecutor or the government. In fact, the prosecutor moved to dismiss several of the allegations contained in the Amended Petition at the hearing. There is no indication that the prosecutor was upset by Defendant's sentence. However, even if the prosecutor was angry about the sentence, she would have been angry with Chief Judge Rossiter, not with Defendant. The circumstances surrounding the revocation proceedings and this case do not show a reasonable likelihood of vindictiveness to support a presumption of vindictiveness.

To support his vindictive prosecution claim, Defendant primarily points to the timing of the filing of the Indictment, which occurred nine days after he was sentenced to time served in the revocation proceedings. Defendant claims the government had the information it needed to indict him on the distribution charges (and the opportunity to do so based on the grand jury schedule) well-before he was sentenced for the supervised release violation, but the government only went forward with charges after Chief Judge Rossiter sentenced Defendant to time served. However, "timing alone is insufficient to trigger the presumption of vindictiveness." *Williams*, 793 F.3d at 963. "A presumption does not arise just because action detrimental to the defendant was taken after the exercise of the defendant's legal rights; the context must also present a reasonable likelihood of vindictiveness." *United States v. Campbell*, 410 F.3d 456, 462 (8th Cir. 2005). Even though the government may have possessed evidence to indict Defendant for the distribution charges before the supervised release hearing, it did not have an obligation to move forward with charges at that point. It is possible that the prosecutor wanted additional evidence before the matter was brought before a grand jury or that there were other more pressing matters that required attention. Here, Defendant's indictment following his sentence in the revocation proceeding held in connection with a separate case, does not raise the appearance of vindictiveness. *See United States v. Robison*, 644 F.2d 1270, 1273 (9th Cir. 1981) ("The mere fact that this prosecution followed the exercise of certain procedural rights in other, unrelated cases is insufficient to raise the appearance of vindictiveness").

Further, the government possesses the right to prosecute Defendant for both the supervised release violation and the distribution charges brought in this case. The government's decision to do so does not support a presumption of vindictiveness. The distribution charge brought in this case is separate from Defendant's underlying 2017 conviction in Case No. 8:17CR144, which was a domestic assault case. Although the revocation proceedings in Case No. 8:17CR 144 were based in part on an allegation that Defendant possessed methamphetamine on October 22, 2021, the same date Defendant is to have engaged in distribution in this case, "[a] hearing to determine whether supervised release should be revoked . . . is not a criminal prosecution." *United States v. Bennett*, 561 F.3d 799, 802 (8th Cir. 2009). Rather, "the revocation of supervised release is a penalty

attributable to the original conviction, not a new punishment."[1] *Id*.  This case is the only instance in which Defendant has been charged for his conduct related to distribution of methamphetamine. There is no evidence that the government indicted Defendant simply because it was unsatisfied with the results of the supervised release violation hearing in Case No. 8:17CR144.

Defendant also suggests that the government held the distribution charges alleged in this case in its "back pocket" to see how Chief Judge Rossiter would rule in the revocation proceedings. Defendant contends the government grew impatient with waiting to see how Chief Judge Rossiter would handle the supervised release violation, so it began objecting to the continuances of the hearing.  Then, once the revocation proceedings were over, the government decided to indict Defendant for distribution. It is true that the government opposed the February 24, 2023 request for a continuance. However, the government's objection is not a legitimate basis to infer vindictiveness or any other improper motive.  Although the government stated via email to the Court that the seriousness of Defendant's actions in October 2021 were grounds to deny the continuance, this does not necessarily mean this was the government's only reason for objecting. The dispositional hearing had already been continued multiple times.  The undersigned finds Defendant has not shown he was indicted in this matter for any improper purpose.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief United States District Court Judge Robert Rossiter, Jr. that Defendant's Motion to Dismiss Indictment (Filing No. 18) be denied.

Dated this 11th day of October, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] This also raises the issue of whether Defendant can even move for dismissal because a supervised release violation is not a criminal prosecution. However, due to the ruling in this Findings and Recommendation, the undersigned will not address this issue.

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.