IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BENJAMIN FULLER,<br><br>　　　　　　　Defendant. | 8:23CR94<br><br><br>MEMORANDUM<br>AND ORDER |

　　　On September 22, 2017, defendant Benjamin Fuller ("Fuller") pleaded guilty in Case No. 8:17CR144 to domestic assault by a habitual offender, in violation of 18 U.S.C. § 117. The Court sentenced him to 21 months in prison followed by 3 years of supervised release. After his initial release from prison on November 16, 2018, Fuller struggled at times to comply with the terms of his supervised release. He spent the next couple of years or so in and out of prison for violating those terms.

　　　On October 27, 2021, a United States Probation and Pretrial Services Officer ("probation officer") filed a Petition for Warrant or Summons for Offender Under Supervision ("petition") alleging Fuller violated three conditions of his supervised release (Filing No. 98 in Case No. 8:17CR144). One of the allegations stated in part that Fuller had "contributed to the delinquency of a minor by providing her marijuana" on October 22, 2021. The petition was amended on July 18, 2022 ("amended petition"), to add a fourth allegation regarding Fuller's alleged termination from "the NOVA residential treatment program due to his" lying and manipulative behavior (Filing No. 113 in Case No. 8:17CR144).

　　　On April 10, 2023, Fuller appeared before the Court at a final revocation hearing on the amended petition. *See* Fed. R. Crim. P. 32.1(b)(2) (describing the defendant's rights at a revocation hearing). At the hearing, Fuller admitted to Allegation No. 2 of the amended

petition, which charged that Fuller had unlawfully possessed marijuana and methamphetamine. The Court dismissed the other three allegations on the government's motion.

With respect to sentencing, Fuller sought (and the probation officer recommended) a time-served sentence based on the positive changes Fuller had made in his life. *See* Fed. R. Crim. P. 32.1(b)(2)(D)-(E) (discussing the defendant's rights to counsel, "to make a statement," and to present mitigating information at a revocation hearing). The Court heard allocution from Fuller and argument from his counsel. *See id.* The government, in contrast, urged the Court to impose a prison sentence within the United States Sentencing Guidelines range of 12 to 18 months. "Looking at the totality of [Fuller's] circumstances," including the serious nature of his offense, the time he had already served, and the progress he had made, the Court revoked Fuller's supervision and sentenced him to time served with no term of supervised release to follow. *See* 18 U.S.C. § 3583(e)(3) (revocation).

Nine days later, a grand jury indicted Fuller in Case No. 8:23CR94 (Filing No. 1) for distributing methamphetamine "to a person under 21 years of age" between on or about October 18, 2021, and October 22, 2021, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 859(a). Emphasizing that he "was indicted for the same 17-month-old conduct alleged in the petition" so soon after the government failed to convince the Court to send Fuller back to prison at the revocation hearing, Fuller suspects foul play. He contends his success at the revocation hearing led the government to secure "an indictment that increased [] both the number and severity of the charges" against him.

On July 5, 2023, Fuller moved to dismiss (Filing No. 18) the Indictment "on the grounds of vindictive prosecution." *See United States v. Goodwin*, 457 U.S. 368, 372 (1982) (stating due process prohibits punishing a defendant for exercising his constitutional or statutory rights); *United States v. Kriens*, 270 F.3d 597, 602 (8th Cir. 2001) ("The burden is on the defendant to prove through objective evidence that the decision to prosecute . . . was borne of a desire to punish him for the exercise of a legal right."). As Fuller sees it,

2

the facts in this case "create a presumption that Fuller's indictment was: 1) the product of dissatisfaction with the Court's time-served sentence, 2) an effort to make sure that any time [he] served for the supervised-release violation and new charge would be served *de facto* consecutively, or 3) both."

The Court referred Fuller's motion to a magistrate judge[1] for review. *See* 28 U.S.C. § 636(b)(1)(B) (authorizing referral of dispositive motions for "proposed findings of fact and recommendations"); Fed. R. Crim. P. 59(b)(1) (same). After a motion hearing on August 29, 2023, the magistrate judge issued a Findings and Recommendation (Filing No. 47), reciting the facts of the two cases and recommending the Court deny Fuller's motion to dismiss.

Noting that prosecutors ordinarily have broad discretion in filing criminal charges and that a presumption of regularity applies to their charging decisions "in the absence of clear evidence to the contrary," *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926)), the magistrate judge concluded Fuller did not present "any objective or actual evidence that he was indicted in this case to punish him for exercising his legal rights at the supervised release violation proceedings held in Case No. 8:17CR144." *See generally United States v. Campbell*, 410 F.3d 456, 462 (8th Cir. 2005) ("An example of objective evidence of a vindictive motive would be a prosecutor's statement that . . . she is bringing a new charge in order to dissuade the defendant from exercising his or her legal rights."). The magistrate judge further concluded, "The circumstances surrounding the revocation proceedings and this case do not show a reasonable likelihood of vindictiveness to support a presumption of vindictiveness." *See United States v. Chappell*, 779 F.3d 872, 879 (8th Cir. 2015) (explaining that in the absence of objective evidence of an improper or vindictive motive "a defendant may, in *rare* instances, rely upon a presumption of vindictiveness," if he

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

adduces sufficient evidence to establish that "a reasonable likelihood of vindictiveness exists") (first quoting *Kriens*, 270 F.3d at 602, then quoting *United States v. Rodgers*, 18 F.3d 1425, 1429-30 (8th Cir. 1994)).

Fuller timely objected (Filing No. 48) to the Findings and Recommendation. He argues the magistrate judge (1) failed to include "critical facts," (2) used the wrong standard in evaluating prosecutorial vindictiveness, and (3) failed to find "the facts established the likelihood of vindictive prosecution that should have triggered the rebuttable presumption." He "asks this Court to sustain his objections" and "grant his motion to dismiss" or at least "find a rebuttable presumption in favor of vindictive prosecution and remand the matter to the magistrate judge" to require "the prosecutor to provide a non-vindictive" reason for securing the Indictment.

For its part, the government opposes Fuller's motion (Filing No. 49). With respect to Fuller's proposed additional fact findings, the government briefly contends they are "inaccurate and/or irrelevant to the legal issue at hand."

The Court has conducted a thorough de novo review of Fuller's objections, his evidence, and the balance of the record in both of the cases at the center of Fuller's motion to dismiss. *See* 28 U.S.C. § 636(b)(1)(B) (requiring "a de novo determination of those portions of the . . . specified proposed findings or recommendations to which objection is made"); Fed. R. Crim. P. 59(b)(3) (similar). The Court is also mindful of the different standards of review that apply to the various issues that can arise in a claim of vindictive prosecution. *See Chappell*, 779 F.3d at 879 (stating the Eighth Circuit reviews "the district court's legal conclusions de novo and its factual findings for clear error" and reviews "discretionary decisions, such as whether to allow discovery or hold an evidentiary hearing . . . for abuse of discretion"); *United States v. Leathers*, 354 F.3d 955, 961-62 (8th Cir. 2004) ("Because a finding of vindictiveness *vel non* can only be made on the basis of evidence pertaining to the prosecutor's motives, we treat the question as one of fact and thus review the District Court's ruling for clear error.").

All things considered, the Court will sustain in part Fuller's first objection. The Court does not share Fuller's dim view of the magistrate judge's recitation of the facts and rejects outright his assertion that "[a] complete recitation of the facts necessarily includes everything included in the 'Facts' section of" his brief. But the Court finds value in considering the additional facts he has highlighted for the Court. In contrast, the government's generic relevance and inaccuracy objection, without more, holds no sway.

Fuller's remaining objections do not fare as well as his first. The Court does not accept Fuller's suggestion that the magistrate judge unfairly required him to provide "a smoking gun or DNA hit of improper motive." While Fuller is correct that he can rely on both direct and circumstantial evidence of improper motive, *see Leathers*, 354 F.3d at 961, the Court—having carefully reviewed Fuller's evidence of not only the timing of the Indictment but also the totality of the circumstances surrounding the government obtaining it after falling short at the revocation hearing—does not agree with him that he provided sufficient evidence to prove vindictive prosecution or to give rise to a presumption of vindictiveness, *see*, *e.g.*, *Chappell*, 779 F.3d at 879 (clarifying the defendant's burden is a heavy one and the presumption is rare).

Fuller takes issue with the magistrate judge's specific word choices and criticizes what he sees as an overreliance on timing and a resort to speculation and other irrelevant factors. *See Campbell*, 410 F.3d at 462 ("A presumption does not arise just because action detrimental to the defendant was taken after the exercise of the defendant's legal rights; the context must also present a reasonable likelihood of vindictiveness."). But even if the Court were to agree those criticisms are valid to some degree, they would not carry the day. The heart of the magistrate judge's analysis of the pertinent issues in this case is generally sound and her recommendation is fully supported by the record as a whole. *See Chappell*, 779 F.3d at 880 ("To determine whether the presumption of vindictiveness applies, the court must examine the prosecutor's actions in the context of the entire proceedings." (quoting United States v. Saltzman, 537 F.3d 353, 359-60 (5th Cir. 2008)).

5

In light of the foregoing,

IT IS ORDERED:

1. The government's general objection (Filing No. 49) to defendant Benjamin Fuller's additional facts is overruled.

2. Fuller's first objection (Filing No. 48) to the completeness of the factual findings is sustained in part and overruled in part. All other objections are overruled.

3. The magistrate judge's Findings and Recommendation (Filing No. 47) is accepted as modified by this Memorandum and Order.

4. Fuller's motion to dismiss the Indictment in this case (Filing No. 18) is denied.

Dated this 6th day of November 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge